UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 15-cv-21515-KMW

PINWICK REALTY PARTNERS, LLC

    Plaintiff,
v.

BERKADIA COMMERCIAL MORTGAGE,
LLC and JPMORGAN CHASE BANK, N.A.

    Defendants,

## JOINT SCHEDULING REPORT

Pursuant to Fed. R. Civ. P. 26(f) and S.D. Fla. L.R. 16.1(B)(2), Plaintiff Pinwick Realty Partners, LLC ("Plaintiff") and Defendants Berkadia Commercial Mortgage, LLC ("Berkadia") and JPMorgan Chase Bank, N.A. ("JPMorgan") (Berkadia and JPMorgan together, the "Defendants"), by and through their respective counsel, file this Joint Scheduling Report.  As set forth below and in the Joint Motion to Enter Preliminary Scheduling Order filed concurrently with this report, the parties propose that the Court adopt a preliminary scheduling order setting time limits for discovery and other pretrial proceedings running from the date the Court rules on Defendants' forthcoming motions to dismiss the Amended Complaint (the "Motions to Dismiss"), deferring the commencement of depositions until the Court rules, and requiring the parties to submit a proposed final scheduling order fixing dates certain in accordance with the time periods set forth in the Preliminary Scheduling Order, within 10 days of the Court's ruling.

I. **Mandatory Areas of Discussion as Required by Fed. R. Civ. P. 26(f)**

The parties recommend that discovery be conducted as set out in Fed. R. Civ. P. 26, and Local Rule 26.1, S.D. Fla. L.R.

(A) **Detailed Discovery Schedule:**

The parties have discussed the initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) and will serve them by no later than July 27, 2015.

**Plaintiff's Discovery Plan.** Plaintiff intends to propound interrogatories, additional requests for production if necessary, and requests for admissions. After the Court's ruling on the Motions to Dismiss, Plaintiff may take depositions of selected individuals identified in the parties' initial disclosures as well as the corporate representatives of the Defendants. Plaintiff may also depose individuals that Plaintiff determines through investigation and discovery have information that is relevant to this action. Prior to the removal of this action from state court, Berkadia served Plaintiff with a First Request for Production. Plaintiff shall respond to Berkadia's First Request for Production within thirty (30) days the filing of this Report.

**Berkadia's Discovery Plan.** Berkadia intends to propound additional requests for production, interrogatories and requests for admissions. After the Court's ruling on the Motions to Dismiss, Berkadia may take depositions of selected individuals identified in the parties' initial disclosures as well as the corporate representative of the parties. Berkadia has already requested the deposition of Plaintiff and would request that such deposition be the first deposition scheduled following the Court's ruling on the Motion to Dismiss. Berkadia may also depose individuals that it determines through investigation and discovery may have information that is relevant to this action. Prior to the removal of this action from state court, Plaintiff propounded

2

its First Request for Production upon Berkadia. Berkadia shall respond to Plaintiff's First Request for Production within thirty (30) days of the filing of this Report.

**JPMorgan's Discovery Plan**. If necessary, JPMorgan will propound interrogatories, requests for admissions and requests for production of documents. After the Court's ruling on the Motions to Dismiss, JPMorgan may take depositions of selected individuals identified in the parties' initial disclosures as well as the corporate representatives of Plaintiff and other individuals that it determines through investigation and discovery have information that is relevant to this action. Prior to the removal of this action from state court, Plaintiff propounded its First Request for Production upon JPMorgan. JPMorgan shall respond to Plaintiff's First Request for Production within thirty (30) days of the filing of this Report..

**(B)    Discovery:** The parties intend to seek discovery with respect to all allegations contained in the Amended Complaint and any amendments thereto, and in any answer and affirmative defenses filed by Defendants. Fact discovery should be completed by **300 days** after the Court's ruling on the Motions to Dismiss, and expert discovery should be completed by **345 days** after the Court's ruling on the Motions to Dismiss. Except as set forth herein, the parties do not believe that discovery should be conducted in phases.

**(C)    Electronically Stored Information:** The parties have agreed to produce electronically stored information ("ESI") and will produce it in the form in which it is ordinarily maintained or in a reasonably usable form and in accordance with the Federal Rules of Civil Procedure  Unless such materials contain privileged information, MS-Excel spreadsheets shall be produced in native file format.

**(D)    Privilege and Trial-Preparation Materials:** The parties do not anticipate any issues regarding claims of privilege or protection of trial-preparation materials other than

those that arise in the ordinary course of any litigation. The parties agree to attempt to resolve any issues regarding claims of privilege that may arise, in good faith and without Court intervention. The parties agree that the standard procedures contained in Fed. R. Civ. P. 26(b) and relevant case law will govern any such claims.

**(E)** **Limitations on Discovery:** The parties do not anticipate any changes or limitations on the scope of discovery provided in Fed. R. Civ. P. 26(b).

**(F)** **Any Other Orders:** The parties do not anticipate the need for the Court to issue any other orders pursuant to Fed. R. Civ. P. 26(c), or 16(b) and (c).

II.   **Mandatory Areas of Discussion As Required By Local Rule 16.1**

**(A)** **The Likelihood of Settlement:**

The parties have not yet engaged in settlement discussions, but agree that they will engage in good faith settlement discussions when appropriate. Should the matter be settled, the parties shall promptly notify the Court of same.

**(B)** **The Likelihood of Appearance of Additional Parties:**

The parties do not believe that additional parties will appear in this action.

**(C)** **Proposed Limits on the Time:**

**(i)** *To Join Other Parties and to Amend the Pleadings*: The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by **20 days** from the Court's ruling on the Motions to Dismiss.

**(ii)** *To File Non-dispositive Motions*: **60 days** prior to trial.

      **(iii)** *To Complete Discovery*: All fact and expert discovery proceedings can be completed by **345 days** after the Court's ruling on the Motions to Dismiss.

**(D)** **Proposals for the Formulation and Simplification of Issues, Including the Elimination of Frivolous Claims or Defenses and the Number and Timing of Motions for Summary Judgment or Partial Summary Judgment**

The parties shall meet or confer prior to the date of the Court-ordered Pretrial Conference to agree on all facts and issues that will simplify the matters to be considered by the Court. Avoidance of frivolous claims or defenses will be handled pursuant to Rule 11 of the Federal Rules of Civil Procedure. The parties shall file their motions for summary judgment, if any, by no later than **75 days** prior to trial.

**(E)** **The Necessity or Desirability of Amendments to the Pleadings**

It is possible that the parties may seek leave to amend the pleadings. Any motions seeking leave to amend the pleadings will be filed by **20 days** after the Court's ruling on the Motions to Dismiss unless good cause is shown to extend the deadline.

**(F)** **The Possibility of Obtaining Admissions of Fact and of Documents, Electronically Stored Information or Things Which Will Avoid Unnecessary Proof, Stipulations Regarding Authenticity of Documents and the Need for Advance Rulings from the Court on the Admissibility of Evidence**

The Parties will attempt to stipulate concerning the admissibility of documentary evidence to be offered at trial. The parties anticipate that they will be able to stipulate to the authenticity of most, if not all, relevant documents and communications, and to those undisputed facts relevant to the issues involved herein. The parties shall utilize the required joint pretrial stipulation for this purpose. It is unknown at this time whether any party will seek advance

rulings on the admissibility of evidence in the present matter, but the parties will apprise the Court if it becomes necessary.

**(G)  Suggestions for the Avoidance of Unnecessary Proof and of Cumulative Evidence**

The parties will continue to endeavor to litigate this case efficiently. The parties agree to consider stipulations, including those regarding the authenticity and admissibility of documents and undisputed facts, to narrow the issues for trial.

**(H)  Suggestions on the Advisability of Referring Matters to the Magistrate Judge or Master**

The parties consent to the Magistrate's jurisdiction for non-dispositive matters pursuant to Fed. R. Civ. P. 72. The parties do not consent to trial or final resolution of dispositive matters by the Magistrate.

**(I)  A Preliminary Estimate of the Time Required for Trial**

At this time, the parties believe that a five (5) day trial is appropriate and will notify the Court if this estimate changes.

**(J)  Requested Date or Dates for Conferences Before Trial, a Final Pretrial Conference, and Trial**

  (i)  Final Pretrial Conference: **435 days** from the Court's ruling on the Motions to Dismiss

  (ii) Trial: **450 days** from the Court's ruling on the Motions to Dismiss

**(K)  Any Other Information that Might be Helpful to the Court in Setting the Case for Status or Pretrial Conference**

None at this time.

**CONSENT OF COUNSEL FOR DEFENDANTS**

Pursuant to Rule 3J(3) of the Administrative Procedures of the United States District Court for the Southern District of Florida, the undersigned counsel for Plaintiff represents to the Court that counsel for Defendants has authorized her to affix their electronic signatures to this Joint Scheduling Report.

Dated: July 20, 2015.

APPROVED BY:

| | |
|---|---|
| By: */s/Deborah B. Baker-Egozi* | By: */s/ Michael N. Kreitzer* |
| Deborah Bari Baker-Egozi, Esq. | Michael N. Kreitzer, Esq. |
| Florida Bar No. 294380 | Florida Bar No. 705561 |
| **Lipscomb, Eisenberg & Baker, PL** | **Bilzin Sumberg Baena Price & Axlrod, LLP** |
| 2 S. Biscayne Tower, PH 3800 | 1450 Brickell Avenue, Suite 2300 |
| Miami, FL 33132 | Miami, FL 33131-5340 |
| Tel: (786) 431-2228 | Tel: (305) 374-7580 |
| Fax: (786) 431-2229 | Facsimile: (305) 374-7593 |
| Email: dbaker@lebfirm.com | E-mail: mkreitzer@lebfirm.com |
| *Attorney for the Plaintiff* | *Attorneys for Berkadia Commercial Mortgage, LLC* |

By: */s/ Eliot Pedrosa*
Eliot Pedrosa, Esq.
Florida Bar No. 182443
**Greenberg Traurig, P.A**.
333 S.E. 2nd Avenue, Ste. 4400
Miami, FL 33131
Tel: (305) 579-0500
Fax: (305) 579-0717
Email: pedrosae@gtlaw.com
*Attorneys for JPMorgan Chase Bank, N.A.*